**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**GINO V. JACKSON,**

Plaintiff,

v. Civil Action No. **3:09cv244**

**PHONG MICHAEL HARDIMAN, et al.,**

Defendants.

**MEMORANDUM OPINION**

Jackson, a Virginia inmate proceeding pro se, filed this civil rights action and paid the full filing fee. This matter is before the Court for initial screening. See 28 U.S.C. § 1915A (requiring courts to review any prisoner complaint seeking redress from any government entity, officer, or employee and dismiss claims that are frivolous, malicious, or fail to state a claim); 42 U.S.C. § 1997e(g) (requiring courts to determine that a prisoner's claims have a "reasonable opportunity to prevail on the merits" before ordering a response by any defendant). On May 29, 2009, the Court, finding that it could not screen the complaint because Jackson had not submitted a short and plain statement of his claims, ordered Jackson to submit an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure or to show cause for not dismissing this action. (Docket No. 6.) The Court warned Jackson that failure to comply would result in dismissal of the action.

(May 29, 2009 Order 4). On June 29, 2009, Jackson submitted an amended complaint.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Courts must liberally construe pro se civil rights complaints in order to address constitutional deprivations. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (quoting Canty v. City of Richmond, Va., Police Dep't, 383 F. Supp. 1396, 1400 (E.D. Va. 1974)). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even pro se plaintiffs must recognize Rule 8's vision for 'a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims.'" Sewraz v. Guice, No. 3:08cv00035, 2008 WL 3926443, at *1 (E.D. Va. 2008) (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)), aff'd, No. 08-8173, 2009 WL 726013 (4th Cir. Mar. 20, 2009). "Statements which are unnecessarily prolix place 'an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage.'" Id. (alteration in original) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)); see North Carolina v. McGuirt, 114 F. App'x

555, 558-59 (4th Cir. 2004) (Nos. 04-1305, 04-1306), available at 2004 WL 2603703, at *2-3.

Jackson's amended complaint spans over 40 pages and names 15 individuals as defendants. Its 102 numbered paragraphs all relate to a single cause of action for conspiracy. The complaint pleads copious amounts of evidence, including scandalous and apparently irrelevant facts relating to Jackson's ex-wife, which only makes it more difficult for the parties and the court to discern the basis for Jackson's lawsuit. See Untracht v. Fikri, 368 F. Supp. 2d 409, 415 (W.D. Pa. 2005) (noting that federal rules discourage evidence pleading). Indeed, Jackson's amended complaint is essentially a series of discrete occurrences connected only by Jackson's conclusory allegations of a conspiracy. The unnecessarily prolix nature of Jackson's complaint is only compounded by the fact that Jackson, in the final paragraph, claims that Defendants violated his rights under the "First, Fifth, Sixth, Eighth, and Fourteenth Amendments," completely failing to specify which Defendant violated what right with which action. (Am. Compl. ¶ 101.) These overly inclusive claims make it practically impossible to determine which facts support which cause of action. McGuirt, 114 F. App'x at 558-59, available at WL 2603703, at *2-3. Defendants would have to essentially construct Jackson's claims for him in order to respond to the complaint. See Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp., 305 F.3d 1293, 1296 n.9 (11th Cir. 2002).

Jackson has thus failed to submit a short and plain statement of his claims.

Jackson's complaint will be DISMISSED for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure and for failure to comply with the Court's previous order. (Docket No. 6.) All outstanding motions will be DENIED AS MOOT.

Let the Clerk of the Court send a copy of the Memorandum Opinion to Jackson.

And it is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: October 14, 2009
Richmond, Virginia